IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
01/30/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

HERIBERTO SALGADO FLORES,    )
                             )
            Petitioner,      )
                             )
      v.                     )    Case No. 25-3244-JWL
                             )
KRISTI NOEM, Secretary,      )
  Department of Homeland Security; )
SAMUEL OLSON, Field Office Director, ICE; )
UNITED STATES DEPARTMENT OF  )
  HOMELAND SECURITY;         )
PAMELA BONDI, Attorney General; )
EXECUTIVE OFFICE FOR         )
  IMMIGRATION REVIEW; and    )
JACOB WELSH, Warden,         )
  Chase County Detention Center, )
                             )
            Respondents.     )
                             )
_____)

## ORDER OF DISMISSAL

This matter comes before the Court on petitioner's motion to maintain the present stay in this case (Doc. # 14) and respondents' motion to dismiss the petition as moot (Doc. # 16). For the reasons set forth below, the Court **denies** the motion to maintain the stay; lifts the stay in this case; **grants** the motion to dismiss; and dismisses the case as moot.

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged the statutory basis for his detention by immigration officials, and by which he sought either release from detention or a bond hearing. After the case had been fully briefed, petitioner filed a motion to stay the case until an immigration judge

could conduct a bond hearing for petitioner scheduled for January 6, 2026. On December 31, 2025, the Court granted the motion (which was unopposed), stayed the case, and ordered a status update by January 9, 2026. On January 9, petitioner filed the update, stating that the immigration judge had granted petitioner's request for release on bond; that the bond had been paid; that petitioner had been released from immigration custody; and that a motion or notice of dismissal would be "forthcoming, assuming Petitioner remains out of custody."

Petitioner did not seek dismissal of the case, however; rather, on January 16, 2026, petitioner filed a motion to maintain the stay through February 16, 2026, to allow the immigration judge's order to become administratively final after expiration of respondents' appeal time. Petitioner argues that if respondents prevail on appeal and petitioner is detained again, litigation of the issue of petitioner's detention could continue in this case. Petitioner insists that directives from respondents' agency make it likely that, if appealed, the bond ruling will be reversed by the appellate immigration court.

Respondents argue that because petitioner has received a bond hearing and been released from custody, petitioner has received the relief requested in the petition, and that the case is now moot. Respondents further argue that petitioner's re-detention is merely speculative and that a live controversy is therefore lacking; and accordingly, they oppose an extension of the stay and seek dismissal of the case as moot.[1]

---

[1] Respondents do not indicate whether they intend to appeal the bond ruling.

In response to the motion to dismiss, petitioner argues that because respondents' cessation of the challenged conduct – detaining petitioner – is likely not to last, the case should not be deemed moot. This case is not typical in that regard, however, as this Court cannot enjoin petitioner's removal or overturn his removal order, and thus it has no authority to order respondents never to detain petitioner again. Moreover, although petitioner notes that his release has come with conditions (such as a check-in requirement), that fact does not mean that he has not yet been afforded full relief, as any order by this Court requiring petitioner's release from detention would also require such release to be subject to terms of supervision. *See, e.g.*, *Kazzoo v. Carter*, 2026 WL 113553, at *3 (D. Kan. Jan. 15, 2026) (Lungstrum, J.) (citing *Zadvydas v. Davis*, 533 U.S. 678, 700 (2001), in ordering the petitioner's release subject to appropriate terms of supervision). Thus, because he has been released from detention, petitioner has now obtained the relief that he sought in the petition. Indeed, petitioner has implicitly conceded that fact by seeking a stay only long enough to determine whether officials intend to appeal the bond ruling – with the implication being that if there is no appeal, this case may then be dismissed. Finally, although petitioner argues that officials could re-detain petitioner in the future if an appeal is successful, the same is true even without an appeal and even if petitioner were to win his release in this habeas action, as, again, the Court cannot prohibit officials from detaining petitioner in the future to effect his removal pursuant to the removal order.

The Court therefore agrees with respondents that the present case is now moot and that dismissal is therefore appropriate. If petitioner is detained again in the future,

3

petitioner would be free (a) to seek to reopen this case or (b) to file a new petition seeking expedited resolution incorporating the prior briefing.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to extend the stay in this case (Doc. # 14) is hereby **denied**.  The Court lifts the present stay.

IT IS FURTHER ORDERED BY THE COURT THAT respondents' motion to dismiss the case as moot (Doc. # 16) is hereby **granted**, and the Court dismisses this action.

IT IS SO ORDERED.

Dated this 30th day of January, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge